EASTERN DIS.<br>June, 1832.<br><br>DAVIS<br>vs.<br>CHAPIER'S CU-<br>RATOR.

---

### DAVIS vs. CHAPIER'S CURATOR. ·

APPEAL FROM THE COURT OF PROBATES OF NEW-ORLEANS.

Where the estate has been settled up, and the curator and attorney for the heirs regularly discharged without opposition, they no longer represent the succession or heirs.

MATHEWS, J., delivered the opinion of the court.

In this case, the plaintiff (having been constituted universal heir and legatee and appointed testamentary executor by the deceased) sues to obtain a judgement to annul an act (by which the testator revoked the will alleged to have been made as above stated) on the ground of insanity in the deceased at the time he made the revocatory act.

The court below decided against the petition of the plaintiff, and from the judgement thus rendered he appealed.

Previous to taking the appeal the estate had been settled up by the curator and paid over to persons who appeared and claimed as heirs, and he and the attorney for the absent heirs were discharged from their offices and performance of any further duties concerning said estate. Having been thus regularly discharged without opposition on the part of the plaintiff, we

Where the estate has been settled up, and the curator and attorney for the heirs regularly discharged without opposition, they no longer represent the succession or heirs.

EASTERN DIS.
June, 1832.

are of opinion that they no longer represented the succession or the heirs, and consequently are not legally made parties to this appeal.

It is, therefore, ordered, adjudged, and decreed, that this appeal be dismissed, at the costs of the appellant.

*M'Millen,* for appellant.   *Preston,* for appellee.