FRUGÉ, Judge.
This is a suit by a holder of a promissory note. The defendants are Robert Nix, a maker; and the widow, individually, and as administratrix of the Succession of Mercer Scott, the other maker. Robert Nix was discharged from the suit by a release. The suit was defended on a defense of lack of consideration for the note. From an adverse judgment plaintiff has appealed. Plaintiff has filed two motions for remand. We grant a remand on one of these motions.
Plaintiff-appellant urges that since the heirs of the succession unconditionally accepted the succession before trial they became indispensable parties to the suit. We think that it was a fatal error to *250 proceed to a trial without joining or substituting the heirs as defendants. The succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration. LSA-C.C.P. Article 734. This article indicates in the last clause that the representative is no longer a proper party defendant when the succession is closed and the representative is discharged. Cf. Davis v. Chapier’s Curator, 4 La. 133 (1832). In order to insure justice and a finality to this litigation, we remand this suit for a joinder of the heirs as defendants and for a new trial.
For the foregoing reasons, the judgment appealed from is annulled, and the case is remanded. The costs of this appeal to be paid by the appellant.
Annulled and remanded.