341 So.2d 1254 (1976)
Carroll MATHERNE
v.
ESTATE of Lee J. MATHERNE, etc., et al. Carroll MATHERNE
v.
Joyce Dupre MATHERNE, etc., et al.
Nos. 11045 and 11046.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Writ Refused March 25, 1977.
*1255 Joseph L. Waitz, Houma, for plaintiff and appellant.
Jerry H. Schwab, Houma, for defendants and appellees.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge:
This is an appeal from a judgment in two consolidated actions which maintained the defendants' exceptions, dismissed the plaintiff's suits, and also dissolved the writs of sequestration previously issued.
The plaintiff-appellant, Carroll Matherne, brought an action for restitution of movables against the estate of his deceased brother, Lee J. Matherne, and the widow, Joyce Dupre Matherne, individually. An action on a promissory note was also brought against the estate and the surviving spouse, individually, by the plaintiff-appellant. The widow had previously qualified as executrix of the estate of Lee J. Matherne. In each action a writ of sequestration was issued. In the first action, certain horse-racing equipment was seized; in the second, certain thoroughbred horses were seized.
The equipment was allegedly loaned gratuitously to the decedent. The horses were allegedly sold to the decedent, the price being represented by the promissory note sued upon. The defendants bonded out the seized property.
Thereafter, in each action, exceptions and a rule to dissolve the sequestration were filed, together with a claim for damages. The main bases of the exceptions and rules to dissolve were that there had been no proper demand upon the executrix prior to the institution of the actions and that the surviving spouse was not a proper party defendant. The actions were consolidated for the purpose of the disposition of the exceptions and the rules. After hearing, the trial court rendered the judgment complained of, finding that proper demand had not been made and that the widow, individually, was not a proper defendant. The court reserved to the defendants their rights to seek damages for the wrongful issuance of the writs of sequestration. We amend and affirm.
It is settled that where a creditor, such as the appellant in the instant case, has a claim against an estate under administration, he is required to present a written claim for acknowledgment and payment in due course to the succession representative. LSA-C.C.P. arts. 3241 and 3242; Guaranty Bank & Trust Company v. Quad Drilling Corporation, 284 So.2d 351, 354 (La.App. 1 Cir. 1973), writ den. La., 284 So.2d 767.
In the Guaranty Bank case, the court observed:
"The requirement is necessary for the orderly administration of the estate and for the preservation of as much of the estate as possible for payment of debts or for the payment of heirs or legatees. The procedure is designed to prevent the succession representatives from encountering unnecessary expense such as creditor's claims for attorney's fees for obligations of which they are unaware or for which no demand for payment has been made."
In the suit involving the promissory note, it is alleged that the appellant submitted his claim to the executrix on November 10, 1975, by a letter written on November 7, 1975, and which was sent by certified mail. *1256 It is further alleged that the executrix has failed to acknowledge or reject the claim. In the suit involving the equipment, the petition does not give a date on which a claim or demand was made on either of the two named defendants. On December 2, 1975, the suit for restitution of the equipment was filed; and on December 10, 1975, the suit on the note was filed.
It is apparent that the latter petition was filed within thirty days of the written notice of the claim to the executrix. The law states unequivocally that the succession representative has thirty days in which to acknowledge or reject the claim; LSA-C.C.P. art. 3242. If the succession representative fails to acknowledge or reject the claim within the thirty-day period, he is presumed to have rejected the claim. It is only after rejection that the creditor may sue the estate on his claim; LSA-C. C.P. art. 3246.
LSA-C.C.P. 3246 provides, in part: "A creditor of a succession may not sue a succession representative to enforce a claim against the succession until the succession representative has rejected the claim."
The appellant did not show that the requisite thirty day demand was made on the Estate, through the executrix, prior to the institution of either suit. In the first, the petition does not give any specific date on which a demand was made; in the second, the full thirty day period did not elapse between the claim and the filing of the action in court. Consequently, he acted prematurely in that at the time when the suits were filed he did not have a cause of action against the Estate.
Appellant's primary contention on this point is a technical one to the effect that an exception of no cause or right of action is not the proper objection to raise the issue of prematurity. This contention is without merit, because the objection specifically states:
"That plaintiff's petition fails to state a right or cause of action with respect to appearer for the following reasons, to-wit:
"a. Petitioner herein did not submit his claim to the succession representative in accordance with the provisions of Code of Civil Procedure Article 3241; "b. Alternatively, and should this Court find that the claim was properly presented, then the petition was filed prematurely since the thirty day period for acknowledgement or rejection of the claim had not passed pursuant to the provisions of Code of Civil Procedure Article 3242 and Code of Civil Procedure Article 5059; "c. The petition fails to allege sufficient facts to support a vendor's lien, and accordingly sets forth no cause of action sufficient to support or justify a writ of sequestration."
The appellant also submits that the written promissory note was presented to the executrix on September 26, 1975, and that this constitutes sufficient notice under LSA-C.C.P. art. 3242. This argument is contrary to the allegations contained in the petition and is not supported by the record herein. The petition sets out that the submission of the claim was made "by letter sent certified mail and was received by the said Joyce Dupre Matherne on November 10, 1975." This allegation affirmatively shows that this action was filed prematurely.
We turn now to a consideration of the action against the surviving spouse individually. The petitions in the two suits do not allege a cause of action against her in her individual capacity; only an indebtedness of the community or the estate of Lee J. Matherne is alleged. The gratuitous loan was allegedly made to Lee J. Matherne and the promissory note was allegedly executed by him. The widow, Joyce Dupre Matherne, was not a party to either transaction. Pursuant to LSA-C.C.P. art. 734, the succession representative is the proper defendant in an action to enforce an obligation of the deceased, or of his succession when it is under administration. See Gibbs v. Succ. of Scott, 265 So.2d 249 (La.App. 3 Cir. 1972).
In addition, the widow is not personally liable for a community obligation. It *1257 was held in the case of Cook-Douglas Co. v. Prudhomme, 13 La.App. 37, 127 So. 104 (2 Cir. 1930), that a wife is not liable for community debts during the lifetime of her husband, nor after his death, unless she has made herself personally liable.
This court, in the case of Brock Furniture Company v. Carroll, 86 So.2d 715 (La.App. 1 Cir. 1956), stated:
"Under the provisions of Article 2403 of the LSA-Civil Code, it is well established that the debts contracted during marriage are community debts for which the wife is not individually responsible."
The facts alleged in the instant case show that the transactions were made for the community of acquets and gains existing between Lee J. Matherne and Joyce Dupre Matherne. Therefore, Joyce Dupre Matherne is not individually responsible for the instant indebtedness and the trial judge correctly held that she, individually, was not a proper party defendant.
A writ of sequestration can only be sustained when the formalities of the law have been strictly complied with by the party seeking the writ, Hancock Bank v. Alexander, 256 La. 643, 237 So.2d 669, 672 (1970); LSA-C.C.P. arts. 3501 and 3571. It is a prerequisite to the issuance of the writ of sequestration that the proper grounds be alleged in the petition.
In the Hancock Bank case the Supreme Court ruled:
"Strict application of the rules established for the issuance of conservatory writs has been uniformly required by Courts in the past. It is implicit in those remedies that they should not be availed of unless the conditions which permit them exist; that is to say, it is a prerequisite of their issuance that the proper grounds be alleged and sworn to."
The succession of Lee J. Matherne, deceased, was under administration when the suits were filed.
In Terzia v. Grand Leader, 176 La. 151, 145 So. 363, 367 (1932), the Supreme Court said:
"A conservatory writ is valid only in case the cause for which it is issued is valid, and that cause must of necessity be set out in the petition or complaint under which it is issued. The petition and the affidavit supporting it are the foundation of the writ. In order that a complainant may obtain a conservatory writ, he must allege and swear that those facts, circumstances, and conditions exist which the law requires for the issuance of such writs. If the facts alleged and sworn to do not, as a matter of law, warrant the issuance of such writ, then the writ must fall and no subsequent allegations setting out a different cause of action can save it."
From the codal authorities and the jurisprudence it is established that it is only when no succession representative has been appointed that it is unnecessary to present a proper claim to the succession representative prior to suing to sequester succession property. See Succession of Mahoney, 167 La. 255, 119 So. 40 (1928).
The dismissal of the Estate and Succession of Lee J. Matherne should have been without prejudice and the trial court judgment is amended to so provide. It is otherwise affirmed at appellant's costs.
AMENDED AND AFFIRMED.