CUTRER, Judge.
This appeal arises out of a suit by heirs of deceased Eddy Hoffpauir, who sought to reduce a bequest made to the surviving spouse, Effie Hoffpauir. By reconventional demand Effie Hoffpauir sought judgment against such heirs for certain debts owed to her by the separate estate of the decedent.
The facts, as presented in this case, are:
Eddy Hoffpauir (decedent) died August 21, 1978. He had been married twice. He first married Elia Credeur who predeceased him in 1932. Of that marriage six children (Plaintiffs) were born: Hollen Hoffpauir, Edith Hoffpauir Sarver, Lucy Hoffpauir Guidry, Dallas Hoffpauir, James Hoffpauir and Sidney Hoffpauir. The second marriage was to Effie Trahan, in 1937, by whom three children were born: Pearl Hoffpauir Guidry, Eldridge Hoffpauir and Eddy Hoffpauir.[1]
Decedent executed a statutory testament in which he made a bequest to his wife of IV2 acres of land and a house. The property was the separate property of decedent subject to certain community claims asserted by the second wife. Other than the bequest to Effie Hoffpauir, the remaining property was bequeathed to the surviving children.
The will was filed for probate whereupon the children of the first marriage (Plaintiffs) filed suit to reduce the bequest to Effie as an excessive donation. Effie answered and reconvened, alleging the bequest to be an onerous, or remunerative, donation, thus not excessive, and claiming that the separate estate of decedent was liable to the former community of acquets and gains, which existed between them, for the enhanced value of decedent’s separate property.
In his reasons for judgment the trial judge found the donation to be excessive by the amount of $7,236.00. The trial judge also concluded that Effie Hoffpauir was “entitled to a credit of $7,281.00 against the estate, the portion bequeathed to her does not exceed the debt owed to her, and the donation will not be set aside.”
The trial court rendered judgment dismissing the principal demand of the heirs with prejudice. The plaintiffs in the principal demand appeal. The trial court judgment made no specific disposition of the reconventional demand.
We have concluded that neither the principal demand nor the reconventional demand states a cause of action.[2] On this basis we do not decide the merits of the demands but we must dismiss both actions without prejudice.
PRINCIPAL DEMAND FOR REDUCTION OF DONATION
On September 11, 1978, Effie Hoffpauir was confirmed and qualified as Executrix of the Estate of Eddy Hoffpauir. Letters Testamentary were issued on that date. The suit for reduction was filed September 20, 1979, while the succession was under administration with Effie Hoffpauir as the qualified executrix.
The suit was filed against Effie Hoff-pauir individually and not in her capacity as executrix. The petition states as follows:
“1.
“Made defendant herein is EFFIE TRAHAN HOFFPAUIR, surviving widow of Eddy Hoffpauir, a resident of the *716 full age of majority of Vermilion Parish, Louisiana.”
The prayer states as follows:
“WHEREFORE, petitioners pray that the defendant, EFFIE TRAHAN HOFF-PAUIR, be served with a certified copy of this petition and cited to appear and answer same, and that after all legal delays and due proceedings are had, there be judgment herein in favor of the petitioners, HOLLEN HOFFPAUIR, EDITH HOFFPAUIR SARVER, LUCY HOFF-PAUIR GUIDRY, DALLAS HOFF-PAUIR, JAMES HOFFPAUIR, and SIDNEY HOFFPAUIR, and against the defendant, EFFIE TRAHAN HOFF-PAUIR, recognizing that the donations inter vivos and mortis causa made by Eddy Hoffpauir to Effie Trahan Hoff-pauir exceed the disposable portion of this estate and impinge on the legatime of the petitioners and reducing the donations to the disposable portion of this estate and recognizing petitioners as the owners of the legatime to which they are entitled.”
In the case of Danos v. Waterford Oil Company, 225 So.2d 708, 712 (La.App. 1st Cir. 1969), the court stated that:
“Our jurisprudence appears well settled that at the death of an individual his succession exists as a separate, distinct legal entity until terminated by proceedings had pursuant to administration by an administrator or executor, or its unqualified acceptance by all the heirs concerned.”
There has been no termination of this succession. A suit for reduction of an excessive donation can only be brought against the succession entity through its executrix, Effie Hoffpauir.
While the heirs may have seizin from the moment of death, the executrix is the proper party defendant for suits against the estate until judgment of possession has been signed. Stansbury v. Hover, 366 So.2d 918 (La.App. 1st Cir. 1978); Gibbs v. Succession of Scott, 265 So.2d 249 (La.App. 3rd Cir. 1972); LSA-C.C.P. art. 734.[3]
Under these authorities, the principal demand by the heirs of the reduction of a donation herein, brought against the legatee, Effie Hoffpauir, individually, states no cause of action and on that basis we shall affirm its dismissal. However, we will amend the dismissal to reflect that such is dismissed without prejudice.
RECONVENTIONAL DEMAND OF EFFIE HOFFPAUIR
Effie Hoffpauir, individually and as plaintiff-in-reconvention, reconvened against the heirs (plaintiffs in principal demand), claiming that the separate estate of decedent was liable for sums due to the former community existing between her and the decedent. Effie sought judgment against such heirs individually for the sum of the debts.
The reconventional demand alleges as follows:
“AND NOW, assuming the role as the plaintiff in reconvention, Effie Trahan Hoffpauir respectfully represents as follows:
“A.
“Edith Hoffpauir Sarver, Lucy Hoff-pauir Guidry, Dallas Hoffpauir, James Hoffpauir and Sidney Hoffpauir, all residents of Acadia Parish, Louisiana, and Hollen Hoffpauir, who is domiciled in the State of Arizona, are hereby made defendants herein.”
and prayed for a personal money judgment against the heirs stating:
“WHEREFORE, premises considered, the defendant, Effie Trahan Hoffpauir, prays that this be deemed a just and *717 proper answer to the petition filed on behalf of the plaintiffs, Edith Hoffpauir Sarver, Lucy Hoffpauir Guidry, Dallas Hoffpauir, James Hoffpauir, Sidney Hoffpauir and Hollen Hoffpauir, and after due proceedings had and after the lapse of the requisite legal delays that their demands be dismissed at their cost; and further, as plaintiff in reconvention, Effie Trahan Hoffpauir, prays that there be judgment herein in her favor and against the defendants in reconvention, Edith Hoffpauir Sarver, Lucy Hoffpauir Guidry, Dallas Hoffpauir, James Hoff-pauir, Sideny Hoffpauir and Hollen Hoff-pauir, in the full sum of FIFTY THOUSAND AND NO/lOO ($50,000.00) DOLLARS and further that the separate estate of Eddy Hoffpauir be declared indebted to the former community of ac-quets and gains which existed between Eddy Hoffpauir and Effie Trahan Hoff-pauir in the sum of SIXTEEN THOUSAND FIVE HUNDRED AND NO/100 ($16,500.00) DOLLARS and for all just and equitable relief.”
Effie Hoffpauir, individually, has no cause of action against the heirs, individually, for debts owed to her by the separate estate of the deceased. The succession is under administration of the executrix, Effie Hoffpauir. The duties of the executrix have not been completed as no judgment of possession has been rendered. The proper remedy for the payment of debts owed by a succession under administration is set forth in LSA-C.C.P. articles 3241, et seq.
Under these articles such debts of the succession owed to the executrix (surviving spouse) are properly presented by the executrix in her proposed tableau of distribution. Any opposition to payment of debts so proposed may be filed by the heirs prior to the homologation of such tableau. The opposition by the heirs to the payment of the proposed debts creates an adversary proceeding between the heirs and the succession representative for a determination of whether such succession representatives shall be authorized by the court to pay such debts. For the purpose of such litigation, the succession representative (executrix in this case) becomes the proper defendant.
In this case, Effie Hoffpauir, individually, has no personal cause of action against the heirs for payment of succession debts. Thus, the reconventional demand will also be dismissed without prejudice.
For the reasons assigned, the judgment of the trial court dismissing the plaintiffs’ principal demand shall be amended by dismissing same without prejudice. As amended the judgment dismissing same is affirmed.
It is further ordered that the reconven-tional demand filed by Effie Hoffpauir is also dismissed without prejudice. The costs of the trial court and this appeal shall be paid one-half by the parties-plaintiff in the principal demand and one-half by the party-plaintiff in the reconventional demand.
AMENDED AND AFFIRMED IN PART; AND RENDERED.

. The children of the second marriage are not parties to this suit.

. We take notice of such exceptions under the authority of LSA-C.C.P. art. 927.

. LSA-C.C.P. art. 734 states:
“The succession representative appointed by the court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.”