hTHIBODEAUX, Judge.
Plaintiffs, Surinder M. Gupta, M.D., and his wife, Shashi Jain Gupta, brought suit in redhibition against the defendant, Sharon K. Moss, for alleged vices and defects in the home they purchased from Mrs. Moss. Additionally, the Guptas sought reformation of an allegedly defective land description. Mrs. Moss filed peremptory exceptions of prescription and nonjoinder. The trial judge ruled in favor of defendant on both exceptions and dismissed plaintiffs’ redhibition action, but hallowed plaintiffs fifteen days to amend their petition to name the proper defendant in their reformation action. Plaintiffs appeal the judgment.
We affirm the dismissal of the redhibitory action because of prescription and reverse the judgment to the extent that it requires adding the Succession of William J. Moss as a party defendant.
*15 I.

ISSUES

The issues presented for review in this appeal are the following:
(1) whether the trial court erred in finding that Sharon K. Moss and her late husband, William J. Moss, were not manufacturers of the residence Mrs. Moss sold to plaintiffs; and
(2) whether the trial court erred in finding that the dative testamentary executrix appointed by the court for the Succession of William J. Moss is not the proper defendant in an action to enforce an obligation of the deceased or his succession while the succession is under administration.
II.

FACTS

In the late 1980s, defendant, Sharon K. Moss, and her late husband, William J. Moss, hired Rex Veron, a licensed contractor, to construct a new house in Lafayette, Louisiana. Mr. Moss died on December 17, 1989. John Landry was appointed testamentary executor of the succession. On April 30, 1990, Mr. Landry and Mrs. Moss sold the home to Dr. and Mrs. Surinder M. Gupta. On May 26, 1992, Mrs. Moss was appointed dative testamentary executrix of her husband’s succession.
Before purchasing the house, the Guptas requested that the home be inspected. Professional Home Inspection Service, Inc. conducted the inspection which revealed numerous defects. The inspector produced a thorough and detailed ^report of the defects in the home, including evidence of water leakage and moisture throughout the house. Furthermore, the inspector reported rotting wood in the attic area and holes and cracks in various other parts of the house. He noted, however, that in spite of the areas of concern, the house was structurally sound and well-built.
In the fall of 1991, the Guptas discovered severe water leaks in their home. They later learned that the leaks were caused by the bricks in the parapet wall pulling away from the roof structure. To recover for these defects, the Guptas filed suit in redhibition on September 21,1992, naming Mrs. Moss as the sole defendant. Plaintiffs additionally sought reformation of an alleged defective land description in the act of sale.
III.

LAW AND ARGUMENT

The Guptas first contend that the trial court erred in not finding Sharon K. Moss and her late husband manufacturers of the house. Qualifying the Mosses as such is crucial to appellants’ suit. A manufacturer is presumed to know of the defects of the products it makes and, therefore, is deemed to be a bad faith seller. Young v. Ford Motor Co., Inc., 595 So.2d 1123 (La.1992). Regarding a redhibition action against a bad faith seller, we note that at the time this suit was brought, Article 2546 in 1992 stated, “the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.” Contrarily, former La.Civ.Code art. 2534 stated that a redhibition action against a good faith seller prescribes in one year from the date of the sale.
Dr. and Mrs. Gupta purchased the house from Mrs. Moss on April 30, 1990, but did not discover the leaks until the fall of 1991, over one year later. The Guptas filed suit on September 21, 1992. If Mrs. Moss is considered an unknowing, Ugood faith seller, the action would have prescribed on April 30, 1991. If Mrs. Moss is considered a knowing, bad faith seller, then the Guptas’ redhibition suit was filed timely.
Counsel for the Guptas attempt to blur the distinction between homeowners who are attentive to the construction of their home and hired contractors in order to qualify Mr. and Mrs. Moss as manufacturers. A manufacturer is the actual maker of a product or one who holds out a product as his or her own. Chastant v. SBS-Harolyn Park Venture, 510 So.2d 1341 (La.App. 3 Cir.), writ denied, 513 So.2d 825 (La.1987). Mr. and Mrs. Moss hired Rex Veron to design and construct their home. When deposed, Mr. Veron clearly stated that he alone was *16 the contractor of the Moss house and that he and his company built “a whole house.” There is nothing in the record to support the allegation that Mr. and Mrs. Moss were builders of their home or that they ever held themselves out to be the builders. The testimony indicates that Mr. and Mrs. Moss, particularly Mr. Moss, merely monitored the building process and voiced preferences, behavior typical of most prospective homeowners. We conclude that Mr. and Mrs. Moss were not manufacturers of their home, and thus affirm the trial court’s dismissal of appellants’ redhibition suit as it was not filed within the prescriptive period provided in former La.Civ.Code art. 2534.
The Guptas allege that Mrs. Moss and her late husband had actual knowledge of the defects for which they seek recovery. The record does not support this allegation. In response to the Guptas’ references to instances of water leaking into the house while the Mosses occupied it, Mrs. Moss testified that all problems related to the two isolated instances had been remedied after they occurred. The evidence presented does not support a reasonable conclusion that the water leaks experienced by the Guptas and the Mosses are related, thus precluding a finding that 15Mrs. Moss and her late husband had knowledge of the defects that form the basis of this redhibition suit.
The Guptas further contend that the trial court erred in finding that the Succession of William J. Moss itself is an indispensable party to the suit. In their original petition, plaintiffs named Sharon K. Moss as the sole defendant, as she was the dative testamentary executrix of her husband’s estate while under administration. Mrs. Moss was appointed dative testamentary executrix on May 26,1992, and remained in that capacity through July 2, 1996, the date of the hearing on defendant’s exceptions. Appellee cites Succession of Hojfpauir, 411 So.2d 714 (La.App. 3 Cir.1982) for the proposition that an individual’s succession is a distinct and separate entity. From this tenet, appellee reasons that as a distinct entity, the succession should be a named party in a suit concerning property belonging to the succession.
The Louisiana Code of Civil Procedure speaks directly to this issue. La.Code Civ.P. art. 734 states in pertinent part the following:
the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.
In addition, La.Code Civ.P. art. 3249 states that “[t]he succession representative shall defend all actions brought against him to enforce claims against the succession, and in doing so may exercise all procedural rights available to a litigant.” Each of the following titles qualifies one as a succession representative: administrator, provisional administrator, administrator of a vacant succession, executor, and dative testamentary executor. La.Code Civ.P. art. 2826(2).
Appellee analogizes a succession representative and a succession to an agent appointed for service of process and a corporation. This analogy sharply ^contradicts Louisiana law on the issue as delineated in the cited articles. The succession representative is the proper party to defend actions filed against the succession; the agent for process is the proper party to receive service, not to actually defend the action. Plaintiffs correctly complied with Louisiana procedural law in naming Mrs. Moss the sole defendant in then-suit, as she was the dative testamentary executrix of her husband’s succession. Accordingly, we reverse the trial court on this issue, finding that plaintiffs need not name the succession itself as a defendant in their suit for reformation.
IV.

CONCLUSION

For the foregoing reasons, we affirm in part and reverse in part the judgment of the trial court.
All costs are assessed against the plaintiffs-appellants, Surinder and Shashi Gupta.
*17 AFFIRMED IN PART AND REVERSED IN PART.