# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1546

JOHN E. GRADNEY, JR., ET AL.

VERSUS

CHANDELEUR HOMES, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT,
PARISH OF EVANGELINE, NO. 64880,
HONORABLE THOMAS. F. FUSELIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**M. Terrance Hoychick**
**Young, Hoyhick & Aguillard**
**Post Office Drawer 391**
**Eunice, Louisiana   70535-0391**
**(337) 457-9331**
**Counsel for Plaintiffs/Appellants:**
       **John E. Gradney, Jr.**
       **Tami Lyn Gradney**

**Steven J. Bienvenu**
**Dauzat, Falgoust, Caviness & Bienvenu**
**Post Office Box 1450**
**Opelousas, Louisiana   70571**
**(337) 942-5811**
**Counsel for Defendant/Appellee:**
       **Jim Tatman's Mobile Homes, Inc.**

**Lamont P. Domingue**
**Elisabeth R. Kraft**
**Voorhies & Labbé**
**Post Office Box 3527**
**Lafayette, Louisiana  70502-3527**
**(337) 232-9700**
**Counsel for Defendant/Appellant:**
     **Chandeleur Homes, Inc.**

SULLIVAN, Judge.

This redhibition case, which involves the sale of a mobile home, presents two judgments for review on appeal. The first judgment sustained an exception of prescription to the manufacturer's third party demand for contribution against the seller, who was alleged to have improperly installed the mobile home. (The seller had previously been dismissed on an uncontested exception of prescription to the Plaintiffs' main demand because suit was not filed within four years from the date of delivery, as required by La.Civ.Code art. 2534(A)(1).) The second judgment granted the manufacturer's motion for partial summary judgment dismissing those claims of the Plaintiffs based upon allegations that the manufacturer is solidarily liable for damages caused by the seller's omissions and breach of obligations. For the following reasons, we affirm both judgments.

### Discussion of the Record

John and Tami Lyn Gradney purchased a mobile home manufactured by Chandeleur Homes, Inc. (Chandeleur) from Jim Tatman's Mobile Homes, Inc. (Tatman's) on July 16, 1998. On April 8, 2003, the Gradneys, individually and on behalf of their minor child, sued Chandeleur and Tatman's, alleging that, in July of 2002, approximately four years after the sale, they discovered moisture on the flooring in one bedroom, and that, upon further investigation, they discovered the exterior wall of that room was bowed or warped and had mold and mildew under the vinyl siding. The Gradneys also alleged that Tatman's told them Chandeleur was responsible for correcting these problems, but that Chandeleur ignored their many requests for repairs. According to the petition, as time passed, the warping and mold problems spread throughout the home and, on October 31, 2002, the Gradneys were forced to move because of these conditions. They sought rescission of the sale,

attorney fees, and damages for personal injuries, including medical expenses and general damages.

Tatman's responded with an exception of prescription based on La.Civ.Code art. 2534(A)(1), which provides that an action in redhibition against a good faith seller prescribes "in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first." The Gradneys did not oppose the exception, and the judgment dismissing Tatman's from their main demand is now definitive.

Chandeleur, the manufacturer, subsequently sought leave to file a supplemental answer to the Gradneys' claim and a third party demand against Tatman's, alleging that it had identified additional defenses after the completion of discovery. In the third party demand, Chandeleur alleged that, in the event it should be held solidarily liable for Tatman's actions, then it is entitled to contribution for Tatman's acts or omissions, which included the failure to inform the Gradneys of the necessary elevations and preparations for the site where the mobile home was located, the failure to properly install and set-up the mobile home, and the failure to investigate and respond to the Gradneys' complaints about the home. Tatman's filed an exception of prescription to this claim, which the trial court granted on December 2, 2003. Chandeleur then filed a motion for partial summary judgment as to the Gradneys' main demand, seeking dismissal of any claims that Chandeleur is solidarily liable to them for damages caused by Tatman's. The trial court also granted this motion after a hearing on July 29, 2004. The Gradneys have appealed the judgment granting partial summary judgment, and Chandeleur has appealed the judgment sustaining the exception of prescription to its third party demand.

2

**Opinion**

On appeal, the Gradneys argue that Chandeleur, as a manufacturer, is solidarily liable for the actions of Tatman's in installing and setting up the mobile home because the contract of sale was not perfected until the completion of that process. Chandeleur responds that Tatman's assumed an independent duty of installation that is apart from the manufacturing process; it further argues that it cannot be liable for Tatman's actions in the set-up of the home because it is not a licensed installer of mobile homes in Louisiana. In the alternative, Chandeleur argues that, if it is solidarily liable for Tatman's actions, then Tatman's exception of prescription should not have been sustained because its cause of action for contribution does not arise until it is cast in judgment.

Louisiana Civil Code Article 2520 provides that the seller warrants that the thing sold is free from redhibitory defects or vices. A redhibitory defect "renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." *Id.* Even if the thing is not rendered totally useless, a defect is redhibitory when "it diminishes [the thing's] usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." *Id.* Under La.Civ.Code art. 2530, the seller's warranty against redhibitory vices covers "only defects that exist at the time of delivery."[1]

_____

[1]As this court recognized in *Dalme v. Blockers Manufactured Homes, Inc.*, 00-244 (La.App. 3 Cir. 1/25/01), 779 So.2d 1014, *writ denied,* 01-1246 (La. 6/15/01), 793 So.2d 1248, La.R.S. 51:911.25 provides additional warranties to the first retail purchaser of a mobile home. We have not discussed that statute in this opinion, however, because those warranties are effective for only one year from the date of purchase. La.R.S. 51:911.25(A).

As pointed out in *Bearly v. Brunswick Mercury Marine Division*, 39,069 (La.App. 2 Cir. 10/27/04), 888 So.2d 309, only two Civil Code articles directly address manufacturer liability in redhibition: La.Civ.Code art. 2531 provides that a seller who is held liable for a redhibitory defect has an action against the manufacturer "if the defect existed at the time the thing was delivered by the manufacturer to the seller," and La.Civ.Code art. 2545 provides that "[a] seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer. . . ." Jurisprudence, however, has clearly established that "the buyer's action for breach of implied warranty has been extended to all sellers in the chain of sales back to the original manufacturer." *Womack & Adcock v. 3M Bus. Prods. Sales, Inc.*, 316 So.2d 795, 796 (La.App. 1 Cir.1975); *see also Media Prod. Consultants, Inc. v. Mercedes-Benz of N. Am., Inc.*, 262 La. 80, 262 So.2d 377 (1972), recognizing that the others in the chain of title are solidarily liable with the seller. The holdings of these cases have been incorporated into the 1993 Revision Comments (c) and (d) for Article 2545 and, as such, represent the accepted interpretation of that article. *LeGros v. ARC Servs., Inc.*, 03-918 (La.App. 3 Cir. 2/25/04), 867 So.2d 63.

In *LeGros*, 867 So.2d at 66, this court stated that the comments to La.Civ.Code art. 2545 "have the effect of creating a presumption of solidary liability between manufacturers and sellers in redhibition actions." That statement was made in the context of reviewing an exception of prescription heard before trial on the merits, in which the trial court dismissed plaintiff's suit against the later-added manufacturer because it did not find the facts supported solidarity between that defendant and the timely-sued seller. This court relied on the "presumption of solidarity" discussed

4

above to keep both defendants in the suit, noting that the manufacturer's liability, if any, was a matter for trial on the merits.

In ruling on Chandeleur's partial motion for summary judgment, the trial court stated that it did not believe the manufacturer's solidary liability would extend to the acts of the seller in installing or setting up the mobile home, in the absence of proof of a manufacturing defect. We find support for this position in the landmark case of *Rey v. Cuccia*, 298 So.2d 840, 845 (La.1974) (emphasis added), wherein the court stated: "When the sale is annulled for a redhibitory defect *resulting from the original manufacture*, the purchaser can recover the pecuniary loss resulting from the unusable thing sold from the manufacturer as well as the seller."

In *Rey*, a camper trailer sustained serious breakage during its first 200 miles of use. The plaintiffs were unable to prove exactly why the trailer broke apart, but it was shown that the seller did not follow the manufacturer's instructions in installing the trailer hitch to the plaintiffs' automobile, which may have contributed to the severe swaying that occurred just prior to the breakup. Under these circumstances, the supreme court found "no difficulty" in holding the seller liable for a redhibitory defect, but recognized that the buyer's case against the manufacturer "present[ed] a more difficult issue." *Id.* at 843. In particular, the supreme court was concerned that the seller's improper installation of the trailer hitch may have cast doubt as to whether "*any other* underlying redhibitory defect existed *at the time the manufacturer delivered the trailer to* [*the seller*]." *Id.* at 845 (emphasis added). The supreme court imposed liability upon the manufacturer only after it determined that "the preponderance of the evidence proves that the trailer break-up resulted from *a defect in construction or design which existed at the time the manufacturer Yellowstone sold*

5

*the trailer to the seller Cuccia.*" *Id.* at 846 (emphasis added). That evidence included the total failure of the trailer within its first 200 miles of use, the manufacturer's failure to warn of the dire consequences of a slight deviation from its installation instructions, and the absence of any misuse of the trailer by either the buyer or the seller.

In the present case, the trial court's ruling on partial summary recognizes what is implicit in the *Rey* case:  that the manufacturer will not be liable *in redhibition* if the thing sold did not contain a manufacturing defect at the time the manufacturer delivered it to the seller.  As suggested by La.Civ.Code art. 2529, the plaintiff may have other remedies against the seller governed by the law of sales and conventional obligations, but there would be no solidarity between the manufacturer and the seller because the manufacturer would not have breached its warranty obligation. Accordingly, we find that the trial court's ruling on partial summary judgment can be affirmed to the extent that it recognizes that solidarity will not exist in the event that the *sole* cause of the Plaintiffs' damages is shown to be the seller's improper installation.  In such a situation, contribution is also not an issue because of the absence of solidarity.

The language of the judgment, however, goes beyond this situation, purporting to dismiss Plaintiffs' claims of solidary liability for damages based upon "any" act or omission of the seller.  Thus, the judgment as written also contemplates the situation, as was the case in *Rey*, where the plaintiffs' damages were the result of *both* a manufacturing defect and the seller's improper installation.  For example, in *Weaver v. Fleetwood Homes of Mississippi, Inc.*, 327 So.2d 172, 178 (La.App. 3 Cir. 1976), the court found that the defects complained of had "their origins both in the

6

manufacture and the installation of the mobile home unit." Under those circumstances, the court found no error in the denial of the manufacturer's third party demand, stating that "[s]ince both [the manufacturer] and [the seller] are responsible for the various defects found in the mobile home sold to plaintiff, neither is entitled to indemnification from the other." *Id.* at 178-79. *See also Guyon v. Camper Village, Inc.*, 428 So.2d 1014 (La.App. 1 Cir.), *writ denied,* 431 So.2d 1 (La.1983), in which the court recognized that the seller's negligent care of a camper that had easily remediable manufacturing defects had no bearing on whether the plaintiff was entitled to recover from the manufacturer in redhibition. In those situations where the seller's negligence "is a substantial factor in aggravating or maintaining *the defect*," the seller has been denied his right of indemnification under La.Civ.Code art. 2531, but the plaintiff's right to recover his full damages from either manufacturer or the seller is not affected. *Id.* at 1017 (emphasis added).

In the event the Gradneys will be able to demonstrate solidarity as discussed in the paragraph above, the effect of the seller's dismissal from the main demand must be considered. The trial court dismissed Chandeleur's third party demand for contribution against Tatman's, finding that claim also had prescribed. As discussed below, we find the dismissal of the third party demand was proper, but for different reasons.

Louisiana Civil Code Article 1803 provides in part: "Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor." Louisiana Civil Code Article 1804 (emphasis added) provides:

> Among solidary obligors, each is liable for his virile portion. If
> the obligation arises from a contract or quasi-contract, virile portions are

7

equal in the absence of agreement or judgment to the contrary. If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.

A solidary obligor who has rendered the whole performance, *though subrogated to the right of the obligee*, may claim from the other obligors no more than the virile portion of each.

If the circumstances giving rise to the solidary obligation concern only one of the obligors, that obligor is liable for the whole to the other obligors who are then considered only as his sureties.

Additionally, Comment (c) to La.Civ.Code art. 1805, dealing with enforcement of contribution, provides: "An obligor who has been released by his obligee is no longer an obligor and therefore cannot be made a third party."

As explained by the supreme court in *Perkins v. Scaffolding Rental & Erection Service, Inc.*, 568 So.2d 549, 551 (La.1990), "[t]he source of the right to claim contribution is subrogation [to the rights of the plaintiff]." Accordingly, where the plaintiff has released one solidary obligor, neither the plaintiff "nor any party seeking to stand in [his] shoes" can have a cause of action against the released obligor based upon the allegations in the plaintiff's petition. *Id.* In *Perkins*, the plaintiffs failed to appeal the dismissal with prejudice of one alleged joint tortfeasor on an exception of no cause of action. The supreme court found that these circumstances amounted to a tacit release of that defendant, which acted as a bar to a co-defendant's claim for contribution against the released defendant because the co-defendant had no greater rights than those of the plaintiffs. The plaintiffs' claims against the released defendant would have been barred by *res judicata*; therefore, the co-defendant's third party demand was properly dismissed because it failed to state a cause of action for contribution.

In the present case, the Gradneys did not contest, nor did they appeal, Tatman's exception of prescription and subsequent dismissal with prejudice on their main demand.[2] Upon the finality of that judgment, all of their causes of action against Tatman's existing at that time "arising out of the transaction or occurrence that is the subject matter of the litigation" were extinguished. La.R.S. 13:4231(2). In its petition for contribution, Chandeleur acknowledges this prior dismissal. Accordingly, we find no error in the dismissal of Chandeleur's third party demand, although the proper vehicle should have been through an exception of no cause of action. The partial summary judgment was also proper, as it recognizes the application of La.Civ.Code art. 1803.

**Decree**

For the above reasons, both judgments of the trial court are affirmed. Costs of this appeal are assessed equally to Plaintiffs, John and Tami Gradney, and Defendant/Third Party Plaintiff, Chandeleur Homes, Inc.

**AFFIRMED.**

---

[2]The Gradneys' failure to oppose or appeal the application of the prescriptive period for a good faith seller under La.Civ.Code art. 2534(A)(1) precludes any consideration of whether Tatman's, through its acts of installation, became a manufacturer who is charged with knowledge of a defect and, therefore, subject to the longer prescriptive period of La.Civ.Code art. 2354(B), or of whether the Plaintiffs have any causes of action other than redhibition against Tatman's, as provided in La.Civ.Code art. 2529.