# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1096


**MITCHELL R. CREDEUR, ET UX.**

**VERSUS**

**CHAMPION HOMES OF BOAZ, INC., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-C-4386-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Michael G. Sullivan, Judges.


**REVERSED.**

**M. Terrance Hoychick**
**P. O. Drawer 391**
**Eunice, LA 70535-0391**
**Telephone: (337) 457-9331**
**COUNSEL FOR:**
    **Plaintiffs/Appellants - Mitchell R. Credeur and Naomi Credeur**

**Steven J. Bienvenu**
**Dauzat, Falgoust, Caviness, and Bienvenu, L.L.P.**
**P. O. Box 1450**
**Opelousas, La 70571**
**Telephone: (337) 942-5811**
**COUNSEL FOR:**
    **Defendant/Appellee - Jim Tatman's Mobile Homes, Inc.**

**Lamont Paul Domingue**
**Voorhies & Labbe**
**P. O. Box 3527**
**Lafayette, LA 70502-3527**
**Telephone: (337) 232-9700**
**COUNSEL FOR:**
**Defendants/Appellees - Champion Homes of Boaz, Inc. and Chandeleur Homes, Inc.**

**THIBODEAUX, Chief Judge.**

Plaintiffs-appellants, Mitchell R. Credeur and Naomi Credeur, individually and on behalf of their minor child, Marissa Credeur, assert that the trial court erred by granting an exception of prescription in favor of a mobile home seller, Jim Tatman's Mobile Homes, Inc. (Tatman's). Although the Credeurs alleged that Tatman's secured and installed the component parts necessary for a complete manufactured home, the trial court found that Tatman's was not a manufacturer but only a seller in good faith. Therefore, the trial court applied the four-year prescription, barring the Credeurs' cause of action in redhibition. Because a retailer who installs a component part of a structure to make that structure usable is held to the same standard as a manufacturer, the correct prescriptive period here was one year from the discovery of the defect. Because the Credeurs filed a petition claiming that Tatman's installed the component parts that made their home defective less than one year after their discovery of the defect, their action for redhibition was timely. Therefore, we reverse.

I.

**ISSUE**

We shall consider whether for the purposes of prescription in a redhibition action, the retailer of a mobile home can be held to the same standard as a manufacturer and, thus, be imputed with knowledge of the redhibitory defect in a mobile home it sold, where the plaintiffs alleged that the retailer secured and installed component parts necessary to complete the mobile home.[1]

---

[1]The Credeurs also asserted a breach of warranty claim, stating that the home they bought was not of the kind and quality Tatman's represented to them. The Credeurs argue that this cause of action has a ten-year prescriptive period and, therefore, is timely. Because we conclude that the trial court erroneously granted Tatman's exception of prescription in the Credeurs' redhibition claim, we need not consider the Credeurs' breach of warranty argument.

## II.

## FACTS

On April 29, 1999, the Credeurs bought a mobile home from Tatman's. More than seven years after the purchase, the Credeurs noticed that a corner of their ceiling was discolored, soft, and damp. Since then, the Credeurs maintained that the mold and moisture have spread throughout their home and led to various health problems in the family. After the unsuccessful attempts to obtain necessary repairs from Tatman's, the Credeurs filed this suit against Tatman's and Champion Homes of Boaz, Inc. f/d/b/a Chandeleur Homes, Inc. (Champion), the original manufacturer of the mobile home.

Tatman's filed an exception of prescription, stating that the Credeurs provided no evidence that would suggest that Tatman's knew of any defect in the home at the time it sold the home to the Credeurs. Thus, Tatman's argued, the Credeurs' action for redhibition prescribed four years from the day of delivery of the mobile home to the Credeurs. Tatman's maintained that because the Credeurs filed suit more than seven years after the sale, the action was barred.

The Credeurs, on the other hand, asserted that the correct prescriptive period for their redhibition cause of action was one year from the date of the discovery of the defect. The Credeurs argued that because they alleged that Tatman's secured and installed component parts necessary to complete the mobile home in question, Tatman's was a manufacturer and was solidarily liable to the Credeurs.

The trial court held that Tatman's was not a manufacturer but a good faith seller, to whom the four-year prescriptive period applied. Thus, the trial court dismissed the Credeurs' claims against Tatman's, and the Credeurs appealed.

2

III.

## STANDARD OF REVIEW

The manifest error standard of review applies to an appellate court's consideration of an exception of prescription. *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.*, 07-1607 (La.App. 3 Cir. 4/30/08), 981 So2d 287. We must bear in mind, however, that an appellate court must strictly construe the statutes against prescription and in favor of the extinguished claim. *Id.*

IV.

## LAW AND DISCUSSION

The action for redhibition against a good faith seller prescribes in four years from the delivery date of the thing sold to the buyer, or in one year from the buyer's discovery of the defect, whichever occurs first. La.Civ.Code art. 2534(A)(1). On the other hand, an action for redhibition against a seller who knew or is presumed to have known of the defect in the thing sold, prescribes in one year from the day of the buyer's discovery of the defect. La.Civ.Code art. 2534(B). "[A] manufacturer is conclusively presumed to have knowledge of defects in the object it produces." *Young v. Ford Motor Co., Inc.*, 595 So.2d 1123, 1126 (La.1992). Thus, a manufacturer is deemed to be a bad faith seller. *Id.*; *Gupta v. Moss*, 97-172 (La.App. 3 Cir. 6/18/97), 698 So2d 13. Where a retailer sells and, as a part of the sale, installs a thing, and that installation is defective, the seller is held to the same standard as a manufacturer and is presumed to have known of the defect in the installation. *See Rey v. Cuccia*, 298 So.2d 840 (La.1974).

The party who pleads the peremptory exception of prescription has the burden of proof. *In re Succession of Comeaux*, 04-1335 (La.App. 3 Cir. 3/2/05), 896 So.2d 1223. On the other hand, if on the face of the pleadings it appears that

3

prescription has run, the burden shifts to the opposing party to prove interruption or suspension of prescription. *Id.* Our sister jurisdiction has further held that in an action for redhibition, it is not enough to simply allege that the seller was in bad faith. *Ins. Storage Pool, Inc. v. Parish Nat'l Bank*, 97-2757 (La.App. 1 Cir. 5/14/99), 732 So.2d 815. Thus, if the buyer alleges that the seller knew of the defect in the thing sold, to get the benefits of the one year prescription from the date of discovery, the buyer needs to submit evidence to prove the seller's knowledge, provided it appears on the face of the pleadings that prescription has run. *Id.*

Although past litigants brought up the issue of whether, under certain circumstances, a retailer can be held to the same standard as a manufacturer, this court has not had the necessity to resolve this issue until now. *See Gradney v. Chandeleur Homes, Inc.*, 04-1546 (La.App. 3 Cir. 4/6/05), 900 So.2d 282; *Dalme v. Blockers Manufactured Homes, Inc.*, 00-244 (La.App. 3 Cir. 1/25/01), 779 So.2d 1014, *writ denied*, 01-1246 (La. 6/15/01), 793 So.2d 1248. Our review of the statutes and jurisprudence leads us to the conclusion that a retailer who actively participates in the construction, assembly, or installation of the component parts that are essential for the structure to become usable for its intended purpose, and this end structure has a redhibitory defect, the retailer is held to the same standard as the manufacturer, i.e., he is presumed to be a bad faith seller. A seller who receives component parts of a structure and then assembles them into a complete whole is, in fact, a seller who is the actual maker of the complete whole. Thus, if the whole has a redhibitory defect, this seller is presumed to be in bad faith.

Here, the Credeurs did not simply allege that Tatman's knew of the defects in the mobile home it sold. The Credeurs alleged that Tatman's installed the component parts of the home. Tatman's has not denied this allegation. If that

4

installation was defective, then Tatman's is conclusively presumed to be a bad faith seller. Moreover, because Tatman's is the seller who allegedly installed component parts of the mobile home, Tatman's became the actual maker of the complete mobile home the Credeurs received. This, in turn, makes Tatman's a seller in bad faith. Thus, it is evident on the face of the pleading that the applicable prescriptive period is one year from the date of discovery of the defect, and not four years from the date of delivery.

The trial court's reliance on *Gupta*, 698 So.2d 13, for the proposition that Tatman's cannot be presumed to be a bad faith seller because it was not the actual maker of the home nor did it hold out the home as its own, is misplaced. In *Gupta*, the plaintiffs tried to sue the homeowners for the defects in a brick house that the homeowners hired a contractor to design and build. *Id.* There was deposition testimony that the contractor built the whole house and that the homeowners' participation in that process was typical of most homeowners, i.e., monitoring of construction and voicing of preferences. There was no evidence that the homeowners actually participated in the building of the house. *Id.* Therefore, this court ruled that the homeowner was not a manufacturer for the purposes of prescription. *Id.*

Unlike the sellers in *Gupta,* who merely observed the construction of their home, the Credeurs alleged that Tatman's actually installed the component parts of their home. Therefore, the trial court's reliance on *Gupta* was in error.

Because it appears from the Credeurs' petition that the one year from the date of discovery prescriptive period applies, the burden of establishing that the Credeurs' claims against Tatman's have prescribed remained with Tatman's.

5

Tatman's failed to carry this burden. Therefore, the trial court's dismissal of Tatman's from the litigation was in error.[2]

V.

**CONCLUSION**

The trial court's grant of Tatman's exception of prescription is reversed. The costs of this appeal are assessed to Jim Tatman's Mobile Homes, Inc.

**REVERSED.**

---

[2]In their briefs, the parties focused on whether Tatman's and Champion could be considered solidary obligors. At this point, the case presents an issue of prescription and not of the nature of the obligation. Therefore, this court need not address whether or not Tatman's and Champion will be solidarily liable for the damages.