# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 04-1335


**SUCCESSION OF AMABLE A. COMEAUX**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 3149-B
HONORABLE JULES DAVID EDWARDS, III, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**J. DAVID PAINTER**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Michael G. Sullivan, Glenn B. Gremillion, and J. David Painter, Judges.


**AFFIRMED.**



**Roger Chadwick Edwards, Jr.**
**Edwards & Edwards**
**P. O. Box 217**
**Abbeville, LA 70511-0217**
**(337) 893-2884**
**Counsel for: Appellee, City of Abbeville**

**James Isaac Funderburk**
**Funderburk & Herpin**
**P. O. Drawer 1030**
**Abbeville, LA 70511-1030**
**(337) 893-8140**
**Counsel for: Appellee, City of Abbeville**

**Chris Paul Villemarette**
**Hawkins & Villemarette**
**102 Asma Blvd-Saloom III, #110**
**Lafayette, LA 70508**
**(337) 233-8005**
**Counsel for: Appellant, Chloe Hebert**

**PAINTER, J.**

Sister of decedent brought action for revocation of bequest to the City of Abbeville, alleging that the City of Abbeville failed to fulfill conditions imposed by the testator. The Fifteenth Judicial District Court granted the City of Abbeville's exception of prescription and dismissed the action. Finding no error in the trial court's ruling, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 17, 1950, Dr. Amable Comeaux died leaving no ascendants and no descendants. His sister, Chloe Hebert, was made executrix of his estate. In an olographic last will and testament, he left his residence and forty to fifty acres of land[1] to the Town of Abbeville to be used as a public park and for no other purpose. There was a provision in the will that read as follows:

> Should The Town of Abbeville, through its proper authorities, fail to open and operate within 5 years of my death said land as a public park or fail to operate it as a public park for period of 5 consecutive years during any period thereafter such failure shall act as a revocation of this bequest. [sic.]

Dr. Comeaux also wanted to be buried on that land and left instructions for the Town of Abbeville to care for his gravesite. In the Judgment of Possession rendered December 29, 1950, the Town of Abbeville was put into the possession of the property, and Ms. Hebert was put into possession of the reversionary interest, if any, in the property bequeathed to Abbeville, among other things. She was relieved of her duties as Executrix in said Judgment.

Chloe Hebert filed a Petition for Revocation of Bequest on April 16, 2004 within the succession proceedings, alleging that the recreation center built by the City

---

[1]The property is described as follows: "One certain tract of land known as the former residence of Dr. Amable A. Comeaux, comprising between 40 and 50 acres, situated in the Third Ward of Vermilion Parish, bounded North by south corporation limits of the Town of Abbeville, West by J. M. Moss, South by heirs of Sylvester Abshire, and East by Hugh Summers Addition, not including any of the buildings and improvements thereon situated."

of Abbeville, the A.A. Comeaux Recreation Center, was utilized by the public for several years after being built in 1958 but then fell into disrepair and was closed for some twenty years until 1992 when the Vermilion Parish Police Jury leased the Center to the Boys and Girls Clubs. Ms. Hebert alleges that she returned to Abbeville in 1991, after living in New Orleans for fifteen years, and was:

> appalled to find that the special bequest made by her benefactor, Dr. A.A. Comeaux, to the City of Abbeville was not being used in accordance with the conditions placed upon its bequest that it be used solely as a public park but that it now housed at least ten (10) baseball fields, not open to public use and to which access is restricted.

On April 23, 2004, the City of Abbeville filed the following exceptions: (1) lack of subject matter jurisdiction as there is no open succession; (2) pre-maturity; (3) non-conformity; (4) lack of procedural capacity; (5) improper joinder; (6) prescription; and (7) no right of action.

A hearing on the City's exceptions was held on May 6, 2004. Ms. Hebert testified at the hearing that she learned of the existence of the baseball fields around 1996 or 1997 and that she learned of the Boys and Girls Club's occupation of the Center in the early 1990s. Mr. Irby Luquette, who has lived in Abbeville for seventy-eight years, also testified at the hearing. According to Mr. Luquette, the first baseball games were played in Comeaux Park in either 1953 or 1954, and he was an umpire. The Mayor of Abbeville, Mark Piazza, also testified at the hearing. Mayor Piazza testified that the Boys and Girls Clubs took occupancy of a portion of the Center in either 1990 or 1991.

At the close of the evidence, the trial court ruled that the baseball park had been there and that the Boys and Girls Club had occupied a portion of the Center for more than five years and that more than five years had passed since those establishments were created and that this action had thus prescribed pursuant to

2

La.Civ.Code art. 3497. A judgment sustaining the exception of prescription was signed on May 20, 2004. Ms. Hebert appeals presenting the issue of what prescriptive period is applicable to this action to revoke a bequest.

## DISCUSSION

We must first consider Ms. Hebert's contention that this is actually a petitory action. The pleading is titled "Petition of Revocation of Bequest" and is filed within the old succession proceedings rather than as a new suit. While Ms. Hebert claims to be the Executrix, she was relieved of those duties and responsibilities in the Judgment of Possession which was signed fifty-five years ago. Ms. Hebert does not attempt to re-open the succession. Also, nowhere in this pleading does Ms. Hebert cite that the Judgment of Possession put her in possession of:

> the reversionary interest, if any, owned by the Estate of Amable Comeaux or his heirs, together with any interest whatever which the estate of Amable Comeaux might own in the property as well as the reversionary right to the title of said property should the same be forfeited by the Town of Abbeville for failure to comply with the conditions set out in the last will and testament.

The petitory action is provided for by La.Code Civ. P. art. 3651, which defines it as "one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." The plaintiff in a petitory action must prove: (1) that she acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession of the property; or (2) a better title thereto than the defendant, if the court finds that the latter is not in possession thereof. The right to bring the petitory action is imprescriptible, *see* La.Civ. P. Code art. 526 and *Johnson v. Hardy*, 98-2282 (La.App. 1 Cir. 11/05/99), 756 So.2d 328 because it is a "real action" which liberative prescription does not bar. The rationale

3

is that ownership can never be lost by the failure to exercise it – only by the acquisition of ownership by another through possession sufficient to acquire it through acquisitive prescription. *Id.*

The allegations and prayer of the plaintiff's petition determine the true nature of the action and the applicable prescriptive period. *Ins. Storage Pool, Inc. v. Parish Nat. Bank*, 97-2757 (La.App. 1 Cir. 05/14/99), 732 So.2d 815. In any event, Ms. Hebert fails to state a cause of action for a petitory action, as she does not assert her own title or her own claim of ownership. Pursuant to La.Code Civ. P. art. 927, this court can *sua sponte* raise the exception of no cause of action. Accordingly, the alleged petitory action is dismissed for failure to state a cause of action.

Next, this court must consider whether the trial court applied the correct prescriptive period to this action to revoke a testamentary bequest.

This court enunciated the standard of review in an appeal on a peremptory exception in *Egle v. Egle*, 01-0927, p. 4 (La.App. 3 Cir. 2/6/02), 817 So.2d 136, 139:

> When a peremptory exception is filed prior to trial, "it shall be tried and disposed of in advance of or on the trial of the case." La.Code Civ.P. art. 929. The trial court is not bound to accept as true the plaintiff's allegations in the petition at such a trial.

"When evidence is introduced and evaluated in the trial court on a peremptory exception, the appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Parker v. Buteau*, 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129.

When the peremptory exception of prescription is filed, the burden of proof is generally on the party pleading prescription. If, however, on the face of the pleadings it appears that prescription has run, the burden shifts to the plaintiff to prove an interruption or suspension of the prescriptive period.

4

Defendant alleges, among other things, that the action is prescribed pursuant to La.Civ.Code arts. 1567 and 3497 which require the filing of a suit to revoke a donation on account of the non-execution of conditions imposed upon the donee within five years. Plaintiff contends that these articles are only applicable to donations inter vivos. Defendant then asserts that La.Civ.Code art. 1610.1, which provides that the same causes that authorize an action for revocation of a donation inter vivos are sufficient to authorize an action for revocation of testamentary dispositions, is applicable. Plaintiff contends La.Civ. Code art. 1610.1 is inapplicable, as it became effective in 2001, is substantive in nature, and has prospective application only. We disagree.

In determining whether a law can be given retroactive application, the Louisiana Supreme Court stated:

> [T]hus we look to La. C.C. art. 6, which provides:
>
> > In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both [2002-2578 La. 6] prospectively and retroactively, unless there is a legislative expression to the contrary.
>
> "'Substantive laws,' for purposes of determining whether a law should be applied retroactively, are those which establish new rules, rights, and duties, or change existing ones." *Anderson*, supra at 97; *Aucoin v. State Through Dept. of Transp. and Dev't*, 97-1938, 97-1967 (La.4/24/98), 712 So.2d 62, 67.

*Landry v. Avondale Ind., Inc.*, 03-719, p. 6 (La. 12/03/03), 864 So.2d 117, 123.

We find that La.Civ.Code art. 1610.1 does not disturb a vested right since Ms. Hebert still has the right to bring an action for revocation.

Here, Ms. Hebert seeks to revoke the bequest for failure to fulfill the conditions imposed upon the City by the testament. That is the same as cause number three in La.Civ.Code art. 1559; i.e., the non-performance of the conditions imposed on the donee. Then, La.Civ.Code art. 1567 provides that the "action for revocation or

5

rescission of a donation on account of the non-execution of the conditions imposed on the donee, is subject only to the usual prescription, which runs only from the day that the donee ceased to fulfill his obligations." The "usual prescription" is found in La.Civ.Code art. 3497, which provides that actions for the annulment of a testament are subject to a liberative prescription of five years. *See also DiMattia v. DiMattia*, 282 So.2d 554 (La.App. 1 Cir. 1973). Thus, this court finds that the prescriptive period applicable to the case *sub judice* is the liberative prescription provided by La.Civ.Code art. 3497; i.e., that of five years.

Next, we must determine when the prescriptive period began to run. Ms. Hebert complains about the baseball fields and the Boys & Girls Clubs' occupation of the Center but it must be noted that the Center did not open until 1958 – some eight years after the City was sent into possession of the property. That means the City had already failed to comply with the conditions of the will and that Hebert could have brought her action to revoke on those grounds. The baseball fields have been there since 1953, and the Boys & Girls Clubs have had a lease since 1990 or 1991, according to the testimony of Mr. Luquette and Mayor Piazza. And, according to Ms. Hebert's own testimony, she was aware of these "violations" as of 1997 with respect to the baseball fields and 1992 with respect to the Boy's & Girl's Clubs. According to La.Civ.Code art. 1567, the prescriptive period begins to run as of the day the donee ceased to fulfill his obligation. The latest date of that, according to Ms. Hebert herself, is 1997. Five years from that would be 2002. The action for the annulment of the donation is clearly prescribed, even giving Ms. Hebert the latest possible date, as this action was not filed until April 16, 2004.

**DECREE**

For the foregoing reasons, the judgment of the trial court granting the City of Abbeville's exception of prescription is affirmed with all costs of this appeal to be assessed to Plaintiff-Appellant, Chloe Hebert.

**AFFIRMED.**