NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-717

JASON D. MARZE

VERSUS

MICHAEL COLE, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 240,251
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Ricky L. Sooter
Provosty, Sadler, DeLaunay, Fiorenza & Sobel
P. O. Box 1791
Alexandria, LA 71309-1791
(318) 445-3631
COUNSEL FOR PLAINTIFF/APPELLANT:
    Jason D. Marze

**Richard Alan Rozanski**
**Wheelis & Rozanski**
**P. O. Box 13199**
**Alexandria, La 71315-3199**
**(318) 445-5600**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Michael Cole**
    **Evaleana Cole**

**EZELL, Judge.**

Jason Marze appeals the decision of the trial court below granting an exception of prescription in favor of Michael and Evaleana Cole, thereby dismissing his action in redhibition. For the following reasons, we affirm the decision of the trial court.

On or about April 22, 2002, the Coles acquired property located at 7104 Hickory Grove Road, Deville, Louisiana. Thereafter, the Coles began the renovation and improvement of the home, including plumbing, electrical, and roofing work. All of the construction work was hired out to professional tradesmen. No work was done on the foundation of the house whatsoever. Prior to the selling of the home, several inspections were conducted and revealed no defects in the home or structural problems that required remedial action.

On or about March 31, 2005, an agreement to purchase was entered into between the parties for the purchase price of $115,000.00. According to his own testimony, Mr. Marze lived in the home for five years with no indication of any problems with the house. In May 2010, Mr. Marze allegedly discovered various defects in the sub-floor of the home after viewing food roll off his countertop. Over the next few months, cracks began to appear in the drywall of the home. Mr. Marze hired Philip Beard, a civil engineer, to inspect the home. Mr. Beard advised Petitioner of various defects in the home, and in particular, the sub-flooring. To recover for these defects, Mr. Marze filed suit in redhibition on December 1, 2010, naming the Coles as defendants. Mr. Marze sought a reduction in the purchase price by an amount equal to the cost of repairs. The Coles filed an exception of prescription, noting that five years had run between the sale of the house and Mr. Marze filing his suit. The trial court agreed and dismissed Mr. Marze's claims. From that decision, Mr. Marze appeals.

On appeal, Mr. Marze asserts three assignments of error. He claims that the trial court erred in finding that the Coles were not vendor-builders; that the trial court erred in granting their exception of prescription; and that the trial court erred in failing to award damages.

The manifest error standard of review applies to an appellate court's consideration of an exception of prescription. *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.,* 07-1607 (La.App. 3 Cir. 4/30/08), 981 So.2d 287. Louisiana Civil Code Article 2534 states:

> A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
>
> (2) However, when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.
>
> B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.

In *Credeur v. Champion Homes of Boaz, Inc.*, 08-1096, pp. 3-4 (La.App. 3 Cir. 3/4/09), 6 So.3d 339, 342, *writ denied*, 09-1099 (La. 9/4/09), 17 So.3d 965, this court stated:

> The party who pleads the peremptory exception of prescription has the burden of proof. *In re Succession of Comeaux,* 04–1335 (La.App. 3 Cir. 3/2/05), 896 So.2d 1223. On the other hand, if on the face of the pleadings it appears that prescription has run, the burden shifts to the opposing party to prove interruption or suspension of prescription. *Id.* Our sister jurisdiction has further held that in an action for redhibition, it is not enough to simply allege that the seller was in bad faith. *Ins. Storage Pool, Inc. v. Parish Nat'l Bank,* 97–2757 (La.App. 1 Cir. 5/14/99), 732 So.2d 815. Thus, if the buyer alleges that the seller knew of the defect in the thing sold, to get the benefits of the one year prescription from the date of discovery, the buyer needs to submit evidence to prove

the seller's knowledge, provided it appears on the face of the pleadings that prescription has run. *Id.*

In the case at hand, prescription has run on the face of the pleadings. The home was delivered by the Coles to Mr. Marze on or about March 31, 2005, the date the "Agreement to Purchase or Sell" was signed. This action for redhibition was instituted in December 2010, more than five years after the sale of the home. Therefore, the burden shifts to Mr. Marze to prove interruption or suspension of prescription. Mr. Marze attempts to do this by claiming that, because they so heavily renovated the home, the Coles became manufacturers as vendor-builders. A vendor-builder of a residence is deemed a manufacturer and cannot avoid the presumptive knowledge of defects in the thing he manufactures. *Cox v. Moore,* 367 So.2d 424 (La.App. 2 Cir.), *writ denied*, 369 So.2d 1364 (1979). "A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing." La.Civ.Code art. 2545.

After reviewing the record before this court, we can find no error in the trial court's determination that the Coles did not rise to the level of manufacturers for the purposes of this suit. They were not home builders and did none of the labor on the house themselves. But most importantly, they had no work done whatsoever on the source of the defect at issue here, the foundation of the house. Mr. Marze's own expert testified that the foundation was between thirty-five and forty years old, and that the main problems were caused by the soil in the area and the presence of old trees close to the foundation. Had the Coles ordered any renovations or repair work done to the foundation, Mr. Marze's argument would be more germane. However, since the record does not indicate that they did, they could not be considered manufacturers as it relates to the foundation, which was built roughly thirty years

prior to the Coles purchasing the property. Accordingly, any claims for redhibition Mr. Marze had prescribed in 2006.

Because we agree that the trial court was correct in its determination regarding prescription, we need not address Mr. Marze's other assignments of error.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Marze.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal. Rules 2-16.3.