# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-272

**LOUISIANA STATE UNIVERSITY SYSTEM BOARD**

**OF SUPERVISORS THROUGH LOUISIANA STATE UNIVERSITY**

**VETERINARIAN TEACHING HOSPITAL**

**VERSUS**

**ROBERT JOHNSON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2019-7200A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHARON DARVILLE WILSON**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**Fitzgerald, C., dissenting in part and assigns written reasons.**

**Jerold Edward Knoll**
**The Knoll Law Firm**
**P.O. Box 426**
**Marksville, Louisiana 71351**
**(318) 253-6200**
**COUNSEL FOR DEFENDANT APPELLEE:**
    **Robert Johnson**

**Amy D. Richard**
**Louisiana Dept. of Justice-Assistant Attorney General**
**P.O. Box 94005**
**Baton Rouge, Louisiana 70804-9005**
**(225) 326-6550**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Louisiana State University Board of Supervisors**
    **Louisiana State UniversityVeterinarian Teaching Hospital**

**WILSON, Judge.**

Louisiana State University System Board of Supervisors through Louisiana State University Veterinarian Hospital (LSU) filed a suit to recover the balance of an open account established by Robert Johnson for the veterinary treatment of his cat. LSU appeals the judgment of the trial court granting the peremptory exception of prescription filed by Mr. Johnson and imposing sanctions against LSU in the amount of $20,000 for a frivolous lawsuit. For the following reasons, we affirm.

## I.

## ISSUES

We must decide:

(1)   whether the trial court erred in sustaining Mr. Johnson's peremptory exception of prescription;

(2)   whether the trial court erred by declaring moot LSU's exceptions to defendant's reconventional demands;

(3)   whether the trial court erred by rendering judgment on the merits of Mr. Johnson's reconventional demand where plaintiff had not filed an answer after a ruling upon the exceptions;

(4)   whether the trial court erred by allowing Mr. Johnson to orally amend his reconventional demand during a hearing on an exception of no cause of action to the reconventional demand;

(5)   whether the trial court erred by considering LSU's discovery requests as evidence to support a finding of a violation of La.Code. Civ.P. art 863;

(6)   whether the trial court erred in determining LSU's pleadings violate La.Code. Civ.P. art 863; and

(7)     whether the trial court's award of attorney's fees in the sum of $20,000, interest, and court costs is unreasonable and excessive.

## II.

## FACTS AND PROCEDURAL HISTORY

This action arises out of the December 2011 veterinary treatment of Mr. Johnson's stray cat, Hemi, at the LSU Veterinary Hospital. On December 22, 2011, Mr. Johnson took his cat to LSU on a referral from his local veterinarian. On that date he executed a Small Animal Clinic and Patient Information Form and Client Fee Estimate Form. Both forms were signed by Mr. Johnson. The Fee Estimate Form shows that Mr. Johnson made a deposit of $1,000 and the estimated total for treatment was $1,000 to $2,000.

Subsequently, LSU began providing veterinary treatment for Hemi. Hemi was discharged and upon follow up re-hospitalized. Mr. Johnson was informed that previous testing may have been performed incorrectly and he was advised that he would not be charged for additional testing. Later Mr. Johnson received notice that Hemi required a surgical procedure. Hemi died on January 23, 2012, before the procedure could be performed.

After Hemi's death, Mr. Johnson received his statement which was well above the $2,000 in the estimate and no credits were made for the improper or duplicate testing. Mr. Johnson was told the matter would be looked into and agreed to make protest payments in the amount of $100 per month beginning in November 2012. The last payment to LSU was received September 10, 2014. On September 19, 2016, the account was placed with the State of Louisiana Office of Attorney General for collections in the amount of $1,243.88.

On September 12, 2019, LSU filed suit to recover the outstanding balance on the open account pursuant to the ten-year prescriptive period provided by La.R.S. 9:5701(B). Mr. Johnson filed an answer and reconventional demand claiming that $4,000 of payments had been remitted to LSU, he had only obligated himself to pay for treatment totaling $1,000 to $2,000, and he was entitled to reimbursement in the amount of $2,000. He further alleged that LSU be cast with all costs and attorney's fees for filing a frivolous claim pursuant to La.R.S. 13:5241. LSU filed the following exceptions to Mr. Johnson's reconventional demands: Peremptory Exception of No Cause of Action to plaintiff-in-reconvention's reconventional demand for over payment; Dilatory Exception of Vagueness and Ambiguity to plaintiff-in-reconvention's reconventional demand for over payment; Dilatory Exception of Want of Amicable Demand to plaintiff-in-reconvention's reconventional demand for over payment; Peremptory Exception of No Cause of Action to plaintiff-in-reconvention's reconventional demand for frivolous claim under La.R.S. 13:5241(c); and Dilatory Exception of Vagueness and Ambiguity to plaintiff-in-reconvention's reconventional demand for frivolous claim.

LSU propounded a set of interrogatories and request for production of documents to which Mr. Johnson answered. In February 2020, Mr. Johnson filed a peremptory exception of prescription to LSU's suit on the open account claiming LSU could not prove a debt evidenced in writing and the applicable prescriptive period was provided by La.Civ.Code art. 3494. On February 28, 2020, a hearing was held on the exceptions filed by both parties. The trial court sustained Mr. Johnson's exception of prescription. The trial court interpreted La.R.S. 9:5701 to require a debt evidenced by an authentic act or act under private signature. It

found that LSU failed to produce documents in the required form and found the action had prescribed under the three- year prescriptive period of La.Civ.Code art. 3494. Johnson's claim for overpayment was similarly prescribed and LSU's exceptions to the overpayment were rendered moot. Additionally, the trial court found LSU's exceptions to the frivolous claim meritless.

The trial court took Mr. Johnson's demand for attorney's fees under advisement and advised that it would accept briefs or letters on the issue of attorney's fees. Both parties filed memorandums. On March 20, 2020, the trial court filed its written reasons for judgment and on April 3, 2020, the trial court entered judgment granting Mr. Johnson's exception of prescription as to LSU's claim, declaring LSU's exceptions moot, dismissing Mr. Johnson's claim for overpayment, granting Mr. Johnson's demand for sanctions under La.Code Civ.P. art. 863 and casting LSU with attorney's fees in the amount of $20,000 along with interest and costs of court.

LSU took this suspensive appeal.

## III.

## <u>LAW AND DISCUSSION</u>

**Prescription**

In its first assignment of error, LSU asserts the trial court erred in sustaining Mr. Johnson's peremptory exception of prescription. LSU argued that the ten-year prescriptive period provided by La.R.S. 9:5701 applied to the suit. However, the trial court found that the suit had prescribed under the three-year prescriptive period found in La.Civ.Code art. 3494. We agree with the decision of the trial court.

The key issue in this assignment involves statutory interpretation, a question of law, and is reviewed by this court under a de novo standard of review. *Broussard v. Hilcorp Energy Co.*, 09-449, (La. 10/20/09), 24 So.3d 813. We render judgment on the record, without deference to the legal conclusions of the trial court. *Id.*

Ordinarily, the party who pleads the peremptory exception of prescription bears the burden of proof. *In re Succession of Comeaux*, 04–1335 (La.App. 3 Cir. 3/2/05), 896 So.2d 1223. However, if on the face of the pleadings it appears that prescription has run, the burden shifts to the plaintiff to show that the action has not prescribed. *Id.* "The 'character of an action given by a plaintiff in his pleadings determines the prescription applicable to it.'" *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.*, 07-1607, p. 4 (La.App. 3 Cir. 4/30/08), 981 So.2d 287, 291 (quoting *Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So.2d 192, 194 (La.1978) (citations omitted).

Both parties agree that this action is a suit on an open account. Louisiana Civil Code Article 3494 provides that an action on an open account is subject to a liberative prescription of three years. The debt in question stems from the December 2011 treatment of Mr. Johnson's cat. "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La.Civ.Code art. 3464. The record indicates that the last payment made by Mr. Johnson occurred on September 10, 2014. Thus, under the provisions of La.Civ.Code art. 3494, the claim on the open account prescribed as a matter of law on September 10, 2017. Therefore, it appears prescription has run, and the burden shifts to LSU to prove that prescription has not occurred.

LSU asserts that the longer period found in La.R.S. 9:5701 is the proper prescriptive period in this case. Louisiana Revised Statutes 9:5701(B) provides, "[a]ctions for debts, due to public institutions of higher education in this state, other than student loans, stipends, or benefits are prescribed by ten years, *provided the debt is evidenced in writing."* (emphasis added).

In cases involving statutory interpretation, the fundamental question is legislative intent and the ascertainment of the reason or reasons that prompted the legislature to enact the law. *Kolwe v. Civil & Structural Eng'rs, Inc.*, 18-398, (La.App. 3 Cir. 2/21/19), 264 So.3d 1262, *writ denied*, 19-483 (La. 5/20/19), 271 So.3d 1269. The starting point for the interpretation of any statute is the language of the statute itself. *Winmill Tire, LLC v. Colt, Inc.*, 19-766, (La.App. 3 Cir. 5/6/20), 303 So.3d 1049. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. However, if the language of the law is susceptible of different meanings, "it must be interpreted as having the meaning that best conforms to the purpose of the law." La.Civ.Code art. 10 "The words of a law must be given their generally prevailing meaning," and "their meaning must be sought by examining the context in which they occur and the text of the law as a whole." La.Civ.Code arts. 11,12. "Laws on the same subject matter must be interpreted in reference to each other." La.Civ.Code art. 13. Moreover, "[t]echnical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." La.R.S. 1:3. "Courts should give effect to all parts of a statute and should not give a statute an interpretation that

makes any part superfluous or meaningless, if that result can be avoided." *McLane S., Inc. v. Bridges*, 11-1141, pp. 6-7 (La. 1/24/12), 84 So.3d 479, 483.

Louisiana Revised Statutes 9:5701 provides that the debt must be "evidenced in writing" for the longer prescriptive period to apply. A debt is a type of obligation in Louisiana law. As laws on the same subject matter are interpreted in reference to each other, we must consider the statute in light of Louisiana obligations law. Book III, Title III, Chapter 5 of the Louisiana Civil Code covers proof of obligations. Louisiana Civil Code Article 1832 provides, "[w]hen the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen." The subsequent code articles go on to describe different forms of writings in Louisiana law for purposes of proving obligations. The only two forms mentioned are authentic acts and acts under private signature. It then follows that these two writings are the only writings accepted under Louisiana law for the purpose of proving an obligation when written form is required by law.

Ordinarily, Louisiana law does not require an open account to be in written form. However, La.R.S. 9:5701 expressly states the debt must be evidenced in writing. Thus, for purposes of applying the longer prescriptive period, written form is required by law to prove the obligation, and the writing must take the form of either an authentic act or act under private signature. Under La.Civ.Code art. 1833, an authentic act requires the writing be executed in front of a notary public and two witnesses. An act under private signature must be signed by both of the parties. La.Civ.Code art. 1837.

As the party who is demanding performance of an obligation, LSU bears the burden of proving the existence of the debt. La.Civ.Code art. 1831. LSU

submitted three documents: Client Fee Estimate Form, Small Animal Clinic and Patient Information Form and an invoice. Neither of these forms were executed before a notary or signed by LSU. As such, they are neither authentic acts nor acts under private signature. Therefore, LSU has failed to prove a valid debt owed by Mr. Johnson which is evidenced in writing as required by La.R.S. 9:5701. Since LSU has not met the requirements of La.R.S. 9:5701, the longer prescriptive period does not apply to this case and the action has prescribed under the three-year prescriptive period for open accounts found in La.Civ.Code art. 3494.

LSU contends that since the legislature did not include the words authentic act or act under private signature in the statute, we must resort to the dictionary definitions of the word "writing" to include any written record. We disagree. Our courts have held that "[I]t is presumed the Legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Thus, legislative language will be interpreted on the assumption that the Legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes." *State v. Campbell*, 03-3035, p. 8 (La. 7/6/04), 877 So.2d 112, 117 (internal citations omitted). Accordingly, when the legislature required that the debt be evidenced in writing under La.R.S. 9:5701, it did so with knowledge of the code articles requiring certain forms as proof of written obligations.

It is clear from the words of the statute that the legislature intended to extend the prescriptive period for debts owed to educational institutions, but only with a heightened burden of proof. LSU has failed to meet that burden. Not only do the documents submitted by LSU fail to meet the form requirements, but they also fail to prove the extent of the debt. The Client Fee Estimate Form only

8

contains an *estimate* of potential costs and the Small Animal Clinic and Patient Information Form does not include any amounts. The only documents showing a total amount of debt incurred are the invoices submitted, which were signed by neither party. None of the documents submitted by LSU contain the whole of the agreement between the parties, nor display a meeting of the minds between the parties as to the extent of the debt. Consequently, there exist no writing, in any form, which evidences the debt. Since LSU has failed to prove the debt owed by Mr. Johnson in an acceptable writing, the trial court was correct in finding that the prescriptive period of La.R.S. 9:5701 did not apply, and the action was prescribed under La.Civ.Code art. 3494.

**LSU's Exceptions**

In its second assignment of error, LSU asserts that the trial court erred by declaring moot LSU's exceptions to Mr. Johnson's reconventional demands. We find that this assignment lacks merit. Mr. Johnson's reconventional demand contained a demand for overpayment and a demand for a frivolous claim. When the trial court determined that LSU's claim was prescribed, it recognized that Mr. Johnson's demand for overpayment had also prescribed during the same three-year period. "According to Louisiana jurisprudence, an issue is 'moot' when a judgment or decree on that issue has been 'deprived of practical significance' or 'made abstract or purely academic.'" *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193; *Perschall v. State*, 96-0322, p. 18 (La. 7/1/97); 697 So.2d 240, 253; *Louisiana Associated Gen. Contractors, Inc. v. State*, 95-2105, p. 10 (La. 3/8/96); 669 So.2d 1185, 1193. Once the demand for overpayment was prescribed, that necessarily rendered LSU's exceptions to the demand for overpayment moot as a ruling on those exceptions

9

could have no practical effect once the demand was dismissed. We find no error in the trial court's ruling.

LSU further argues that it is entitled to a ruling on its exceptions to the demand for a frivolous claim. Specifically, LSU argues that it was entitled to a ruling on its exceptions prior to a trial on the merits. Louisiana Code of Civil Procedure Article 929 provides that the "declinatory exception, the dilatory exception, and the peremptory exception when pleaded before or in the answer shall be tried and decided in advance of the trial of the case." LSU is correct that it is entitled to a ruling on the exceptions prior to a trial on the merits. As the record makes clear, however, this case never made it to trial and the matter was disposed of in a hearing by a rule to show cause. Furthermore, in its written reasons for judgment, the trial court found that each of the exceptions to the demand for frivolous claim lacked merit. Thus, we find no error.

In its third assignment of error, LSU asserts the trial court erred by rendering judgment on the merits of Mr. Johnson's reconventional demand where plaintiff had not filed an answer after a ruling upon the exceptions. Although the motion for sanctions was asserted in Mr. Johnson's reconventional demand, a motion for sanctions is not a private cause of action "but is rather a remedial tool available to the court." *Snavely v. Ace Pain Mgmt., LLC*, 17-237, p. 4 (La.App. 3 Cir. 12/13/17), 258 So.3d 37, 40. The trial court imposed sanctions against LSU pursuant to La.Code Civ.P. art. 863(E) which provides that sanctions "shall be imposed only after a *hearing* at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction"(emphasis added). Thus, a trial was not necessary for the trial court to impose sanctions. A hearing was held on February 28, 2020 where both parties had the opportunity to

10

present argument and evidence relevant to their various exceptions as well as the issue of the sanctions for a frivolous claim. Both Mr. Johnson and LSU were present for the hearing and participated in argument and the introduction of evidence. Mr. Johnson introduced the discovery requests as evidence to which LSU did not object and LSU offered to stipulate to the content of the discovery requests. As a hearing was properly held pertaining to the imposition of sanctions, this assignment of error lacks merit.

In its fourth assignment of error, LSU asserts the trial court erred by allowing Mr. Johnson to orally amend his reconventional demand during a hearing on an exception. We find this assignment also lacks merit. Article XXII of Mr. Johnson's reconventional demand sought "costs for filing this 'frivolous claim' lacking merit under existing law and which cannot be supported by a good faith argument as specifically provided for in La. R.S. 13:5241." Mr. Johnson and the trial court recognized that the cited statute was incorrect. In its reasons for ruling, the trial court found that the mistake in citation of law was not fatal to the claim, citing to *Prejean v. Guillory*, 09-495 (La.App. 3 Cir. 1/13/10), 28 So.3d 1174, *rev'd in part*, 10-740 (La. 7/2/10), 38 So.3d 274. Under La.Code Civ.P. art. 854, no technical forms of pleading are required. Thus Mr. Johnson was not required to specifically cite a statute for his cause of action, and the mistake in citation was harmless error. Mr. Johnson never sought leave to amend his pleadings, nor did the court ever grant leave to amend the pleadings. Instead, the trial court found that, ignoring the miscited statute, the words of Mr. Johnson's demand plainly stated he was seeking costs for a "frivolous claim lacking merit under existing law and which cannot be supported by a good faith argument." This constituted a clear, concise statement of facts supporting a demand for attorney's fees for filing a

frivolous claim. An amendment of the pleadings was neither sought after nor necessary.

**Sanctions**

LSU's final three assignments of error revolve around the issue of sanctions. In its Sixth assignment of error, LSU asserts that the trial court erred in determining LSU's pleadings violated La.Code. Civ.P. art 863. The decision of a trial court to impose sanctions is reviewed using the manifest error/clearly wrong standard. *Blanchet v. Boudreaux*, 15-60 (La.App. 3 Cir. 8/19/15), 175 So.3d 460, *writ denied*, 15-2156 (La. 1/25/16), 185 So.3d 749. The trial court's finding of fact may not be set aside unless the finding is clearly wrong in light of the record reviewed in its entirety. *McKelvey v. City of Dequincy,* 07-604 (La.App. 3 Cir. 11/14/07), 970 So.2d 682. Based on our review of the record, we find the trial court did not manifestly err in finding that sanctions were warranted against LSU.

Louisiana Code of Civil Procedure Article 863(B) provides that the signature of a party or attorney certifies:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

12

If the court determines a certification has violated this article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. La.Code. Civ.P. art 863(D).

An attorney must make an objectively reasonable inquiry into the facts and law before filing a pleading. Subjective good faith will not satisfy the duty of reasonable inquiry. *Murphy v. Boeing Petroleum Servs., Inc.*, 600 So.2d 823, 826 (La.App 3 Cir. 1992). The trial court determined that the original petition, and documents attached thereto by LSU, readily confirm that the judgment sought against Mr. Johnson was prescribed under the three-year prescriptive period for open accounts found in La.Civ.Code art. 3494. Furthermore, the trial court held that the argument for the longer prescriptive period of La.R.S. 9:5701 was specious given that it was readily apparent from records in LSU's possession that they could not prove a valid debt through a legally enforceable writing. Given these facts, LSU failed to certify a claim warranted by existing law or a non-frivolous argument for the extension of existing law.

In addition to the petition, LSU filed multiple exceptions to Mr. Johnson's reconventional demands. The trial court viewed each of the exceptions as meritless and determined that "this case clearly represents a mountain made out of a molehill with the filing of multiple exceptions by LSU to the reconventional demand filed by Johnson." LSU filed an exception claiming a want of amicable demand as to Mr. Johnson's claim for overpayment. However, given that LSU instituted this suit on the open account, it is evident LSU would not have complied with an amicable demand had it been given. As to the dilatory exceptions of

13

vagueness and ambiguity for a frivolous claim, the trial court held that the demand was based on documents totally within LSU's control and it "would be non-sensicle to require reconvenor to allege with particularity each of the items that justified the filing." The demand for overpayment was equally alleged in a clear and concise statement. Mr. Johnson's pleading alleged that he obligated himself to pay between $1,000 and $2,000 on the estimate form and he had made payments in the sum of $4,000, thus he was owed a sum of $2,000 for overpayment. The language clearly stated a cause of action, and adequately informed LSU of the nature of the cause of action.

After examining the record, we cannot say the trial court committed manifest error in determining that, "the filing of the prescribed principal demand and the various exceptions thereto has resulted in the unnecessary delay to the resolution of the legal issues and has needlessly increased the cost of this litigation which unfortunately exceeds the original amounts in dispute. Said filings were clearly made for improper purposes under the law." Given that this debt was nearly ten years old, LSU had ample time to conduct adequate research on the law of prescription and whether the documents it possessed met the requirements. A rational trier of fact could easily determine that the sheer volume of meritless exceptions filed on an apparently prescribed claim, for such a minor amount, were only filed to harass and increase the costs of litigation.

In its fifth assignment of error, LSU asserts the trial court erred by considering LSU's discovery requests as evidence to support a finding of a violation of La.Code. Civ.P. art 863. We disagree.

For sanctions to be imposed, an evidentiary hearing must take place. Although the pleadings determine whether there has been a violation of the statute,

the law does not require that the issue of sanctions be determined on the face of the pleadings alone. The submitted discovery requests provided further evidence that the pleadings submitted violated La.Code. Civ.P. art 863. In addition to finding that the pleadings were not warranted by existing law, the trial court found that they were presented for an improper purpose. This was further evidenced by the submitted discovery requests. Interrogatories #5, #6, #7, #9, #10 and #12 all sought information pertaining to a tort claim for medical malpractice and such inquiries were not supported by the facts of the case. Similarly, nine of the requests for production of documents were completely irrelevant to the case at hand. The trial court found that given the small amounts in dispute and limited legal issues in question, there was no need for the discovery requests other than harassment and other improper purposes. The trial court reviewed the evidence as a whole and could imply from the improper nature of the discovery requests that the purpose of the original pleadings were also improper. Together with the discovery requests, the trial court found the purpose of the pleadings by LSU to be harassment. Thus, we find this assignment lacks merit.

In its final assignment of error, LSU asserts the trial court's award of attorney's fees in the sum of $20,000, interest, and court costs is unreasonable and excessive.

> If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

La.Code. Civ.P. art 863(D). "The trial court's determination of the type and amount of sanctions is reviewed using the abuse of discretion standard." *Blanchet*, 175 So.3d at 462.

> A trial court has considerable discretion as to the type and severity of sanctions to be imposed, once it determines that sanctions are appropriate. The trial court must consider four factors to determine the appropriate sanction award: 1) what conduct is being punished or is sought to be deterred?; 2) what expenses or costs were caused by the violating rule?; 3) were the costs or expenses "reasonable" as opposed to self-imposed, mitigatable, or the result of a delay in seeking the intervention of the court?; and 4) was the sanction the least severe to achieve the purpose of the rule? The goal to be served by imposing sanctions pursuant to [La.Code Civ.P.] art. 863 is not wholesale fee shifting, but rather the correction of an abuse of litigation by the awarding of reasonable, not necessarily actual, attorney fees.

*Acosta v. B & B Oilfield Servs., Inc.*, 12–122, p. 8 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263, 1269 (quoting *Thibodeaux v. Billiott*, 04–1308, p. 8 (La.App. 5 Cir. 3/1/05), 900 So.2d 110, 115) (citations omitted).

The trial court determined that the pleadings filed by LSU were not warranted by existing law, and moreover were filed for improper purposes of harassment, unnecessary delay, and needlessly increased the costs of litigation. The trial court noted that it must acknowledge the position of seniority and high esteem enjoyed by Mr. Johnson's counsel, Jerold Edward Knoll. In calculating its award of attorney's fees, the trial court found that Mr. Knoll's legal experience and expertise command a premium price for his legal services. Given the expertise of counsel and the amount of time the suit has dragged, we find the sanctions imposed were neither unreasonable nor excessive. We find that the trial court did not abuse its discretion in casting LSU with attorney's fees in the amount of $20,000 together

with legal interest from the date of award and all costs of court incurred in these proceedings.  We hold the sanctions imposed.

V.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to LSU in the amount of $1,640.64.

**AFFIRMED.**

**Fitzgerald, J., dissenting in part with reasons.**

The principal issue on appeal is whether the trial court erred in sustaining Mr. Johnson's exception of prescription. Resolution of this issue turns on the interpretation of La.R.S. 9:5701(B), which states: "Actions for debts, due to public institutions of higher education in this state, other than student loans, stipends, or benefits are prescribed by ten years, *provided the debt is evidenced in writing*." (Emphasis added). The majority interprets the emphasized language as requiring an authentic act or act under private signature. For the reasons below, I disagree with this interpretation.

Louisiana Civil Code Article 1832 provides that "[w]hen the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen." In these instances, the contract must be made by authentic act, La.Civ.Code art. 1833, or act under private signature, La.Civ.Code art. 1837. The marked differences between the two kinds of written acts concern the formalities of execution. In addressing the less formal act under private signature, the late Professor Saúl Litvinoff concluded that "the lawmaker seems to have used the word *act* as meaning a bilateral act that contains, preferably, a bilateral contract." Saúl Litvinoff, 5 La. Civ. L. Treatise, Law of Obligations § 12.27 (2001) (emphasis in original) (footnote omitted).

Here, LSU filed suit on an open account, which is very different than a suit on a bilateral contract. Bilateral contracts are addressed in Title IV ("Conventional Obligations or Contracts") of Book III of the Louisiana Civil Code. Chapter 1 of that title begins with La.Civ.Code art. 1906, which defines a "contract" as an "agreement by two or more parties whereby obligations are created, modified, or extinguished." Louisiana Civil Code Article 1908 specifically addresses bilateral or synallagmatic contracts, stating: "A contract is bilateral, or synallagmatic, when the

1

parties obligate themselves reciprocally, so that the obligation of each party is correlative to the obligation of the other."

On the other hand, La.R.S. 9:2781(D) defines an "open account" as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." The jurisprudence distinguishes between contracts and open accounts. For instance, this court in *Tyler v. Haynes*, 99-1921, p. 6 (La.App. 3 Cir. 5/3/00), 760 So.2d 559, 563, explained:

> A contract is significantly different from an open account. Louisiana Civil Code Article 1906 defines contract as "[a]n agreement by two or more parties whereby obligations are created, modified, or extinguished." An open account is an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings. Services are recurrently granted over a period of time. A contract, however, is an agreement between two or more parties in which an offer is made by one of the parties and acceptance is made by the other party, thereby establishing a concurrence in understanding the terms.[1]

In this case, it is conceded that an open account between LSU and Mr. Johnson was established in 2011. The open account created certain rights and obligations. Once LSU rendered its professional veterinary services, Mr. Johnson was obligated to pay the total sum for these services. The debt that is due on the open account is the remaining balance. Pursuant to La.R.S. 9:5701(B), it is this debt—as opposed to the open account itself—that must be evidenced in writing. "Proof in writing, or written proof, or written evidence, consists of documents, entries in the books of

---

[1] For other cases that distinguish contracts from open accounts, see *Signlite, Inc. v. Northshore Service Center, Inc.*, 05-2444 (La.App. 1 Cir. 2/9/07), 959 So.2d 904; *Fluid Disposal Specialties, Inc. v. UniFirst Corporation*, 53,014 (La.App. 2 Cir. 9/25/19), ___ So.3d ___ ; *Tri-Parish Electrical Supply, Inc. v. Cypress Bend Investments, LLC*, 12-787 (La.App. 3 Cir. 12/12/12), 105 So.3d 1036; *Touro Infirmary v. American Maritime Officer*, 09-696, 09-314 (La.App. 4 Cir. 1/7/10), 34 So.3d 878, *writ denied*, 10-289 (La. 4/9/10), 31 So.3d 395; and *Sears, Roebuck & Co. v. Dennies*, 03-1160, 03-1161 (La.App. 5 Cir. 3/30/04), 870 So.2d 1080.

2

merchants, records, letters, copies, and other vestiges of intentions expressed in words." Saúl Litvinoff, 5 La. Civ. L. Treatise, Law of Obligations § 12.11 (2001).

By comparison, the following are examples of when the law requires a contract to be in written form: La.Civ.Code art. 2440 ("A sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839."); La.Civ.Code art. 3038 ("Suretyship must be express and in writing."); and La.Civ.Code art. 3072 ("A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.").

Unlike the above examples, La.R.S. 9:5701 is a prescriptive statute. "[P]rescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Bustamento v. Tucker*, 607 So.2d 532, 537 (La.1992).

In sum, Louisiana law has never required an open account to be in written form. An open account is not a particular type of contract that is required by law to be in writing. Louisiana Revised Statutes 9:5701(B) is a prescriptive statute. The statutory language in question—"provided the debt is evidenced in writing"— requires written proof of the debt; the debt is the balance on the open account. The documents attached to LSU's petition constitute written proof of that debt.[2] This interpretation is consistent with *Bustamento*, 607 So.2d 532. But the interpretation given by the majority, requiring the open account itself to be in written form, is inconsistent with *Bustamento* as it renders the prescriptive statute meaningless for future actions on open accounts.

---

[2]    At the hearing on the exception of prescription, the entire suit record was admitted in evidence, including LSU's petition and the following attachments thereto: Client Fee Estimate Form, Small Animal Clinic Client & Patient Information Form, Itemized Invoices, and Client Account History.

For these reasons, I respectfully dissent in part. I would reverse the trial court's judgment sustaining Mr. Johnson's exception of prescription and awarding sanctions, remand the suit on open account for further proceedings, and affirm the trial court's judgment in all other respects.